UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORVAL LEE JACKSON,

          Plaintiff,

   v.

KING COUNTY CORRECTIONAL FACILITY,

          Defendant.

CASE NO. 2:23-CV-1635-RAJ-DWC

ORDER DECLINING TO SERVE COMPLAINT

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Norval Lee Jackson, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Second Amended Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by August 16, 2024, to cure the deficiencies identified herein.

**I.**  **Background**

In the Second Amended Complaint, Plaintiff, a pretrial detainee at the time of the allegations contained in the complaint, alleges his constitutional rights were violated when various defendants failed to provide him with adequate medical care while he was in King County's custody. Dkt. 12.

**II.     Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A.  *Improper Defendants*

Plaintiff names the King County Sheriff's Office as a defendant in this lawsuit. Dkt. 12. The Sheriff's Office (like the King County Jail) is not a legal entity capable of being sued under § 1983. *See* Dkts. 5, 9; *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). As King County Sheriff's Office is not a proper defendant, Plaintiff cannot maintain claims against it.

Plaintiff also names King County as a defendant. Dkt. 12. To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

ORDER DECLINING TO SERVE COMPLAINT - 2

1    Plaintiff has not alleged facts to show King County is liable. *See* Dkt. 12. For example,
2 Plaintiff has not shown the individually named defendants acted through an official policy or
3 custom which violated Plaintiff's rights. Plaintiff has also not alleged King County ratified any
4 unconstitutional conduct. Accordingly, Plaintiff has not stated a claim against King County.

5    B.  *Failure to State a Claim*

6    In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
7 suffered a violation of rights protected by the Constitution or created by federal statute, and (2)
8 the violation was proximately caused by a person acting under color of state law. *See Crumpton*
9 *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
10 identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271
11 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually
12 named defendants caused, or personally participated in causing, the harm alleged in the
13 complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

14    Plaintiff, a pretrial detainee, alleges he was denied adequate medical treatment. Dkt. 12.
15 A pretrial detainee's right to adequate medical care arises under the due process clause of the
16 Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The
17 elements of such a claim are: (1) "the defendant made an intentional decision with respect to the
18 conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at
19 substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available
20 measures to abate that risk, even though a reasonable official in the circumstances would have
21 appreciated the high degree of risk involved—making the consequences of the defendant's
22 conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's
23 injuries." *Id.* at 1125.

24

In the Second Amended Complaint, Plaintiff alleges he needs prostate medication or he cannot urinate. Dkt. 12 at 4-5. When he was taken into custody, Plaintiff notified nurse Jane Doe that he needed his medication. She informed him that she would look into it. *Id*. at 5. After he completed the booking process, Plaintiff notified a second nurse, Jane Doe # 2, that he needed his medication; Jane Doe # 2 told Plaintiff she would look into it. *Id*. Plaintiff states he was then placed in a maximum-security unit by Defendant A. Turley. *Id*. He contends he repeatedly asked to see a nurse or speak to the sergeant on shift and was told there was nothing that could be done for him. *Id*. Plaintiff states he did not receive any medication from May 6, 2023 through May 9, 2023. *Id*.

As a result of not receiving his medication, Plaintiff was unable to urinate. Dkt. 12 at 12. He defecated on himself because he was trying so hard to urinate. *Id*. Plaintiff told unnamed corrections officers that he was in pain and was repeatedly told there was nothing they could do. *Id*. On May 9, 2023, Plaintiff received his medication; however, on May 12, 2023, Plaintiff was transferred to S.C.O.R.E. Jail and stopped receiving his medication. *Id*. Jail staff would not assist Plaintiff and, on May 15, 2023, Seattle police officers took Plaintiff to Swedish Hospital. *Id*. He was required to have his bladder drained with a catheter and he was diagnosed with a kidney infection. *Id*.

Plaintiff names Defendants Susan Densmore, S. Phillips, and A. Turley as defendants. Plaintiff, however, has not shown how these three defendants personally participated in the alleged violation of his constitutional rights. There are no allegations related to Defendant Densmore and Plaintiff alleges only that Defendants Phillips and Turley placed Plaintiff in his unit. Therefore, Plaintiff has not stated a claim against Defendants Densmore, Phillips, and Turley.

C. *Doe Defendants*

Plaintiff identifies nurses Jane Doe and Jane Doe #2 as Defendants, contending they failed to provide Plaintiff with his medication when he requested it during the booking process. Dkt. 12 at 5. He also names John Doe, a corrections sergeant, as a defendant; however, it is unclear how John Doe participated in the alleged unconstitutional actions. *See Id*. at 10-11.

The use of "Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. If Plaintiff chooses to file an amended complaint, he shall attempt to provide the names of Defendants identified as John/Jane Doe. He should also clearly explain how these three defendants violated his constitutional rights.

**III.     Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before August 16, 2024, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order to Plaintiff.

Dated this 16th day of July, 2024.

David W. Christel
Chief United States Magistrate Judge